Brandon J. Harrison, Judge, concurring.
I join my colleagues' thorough opinion in every respect except one point of dictum. The majority cites Ark. Code Ann. § 5-61-102(c) and states that Bynum could not have been charged with or convicted of a criminal offense in the death of her stillborn child. The statement is made in the context of explaining why a prejudicial evidentiary error was injected into the case. My concern is that this statute is not at issue in this case because Bynum was not charged with committing a crime under it, and the jury was not instructed to return a verdict on such a charge. In its entirety, that statute states:
(a) It is unlawful for any person to administer or prescribe any medicine or drug to any woman with child with the intent to produce an abortion or premature delivery of any fetus before or after the period of quickening or to produce or attempt to produce the abortion by any other means.
(b) Any person violating a provision of this section is guilty of a Class D felony.
(c) Nothing in this section shall be construed to allow the charging or conviction of a woman with any criminal offense in the death of her own unborn child in utero.
Ark. Code Ann. § 5-61-102 (Repl. 2016).
First, the statute appears to be at war with itself: is subsection(a) not in conflict with subsection(c)? If not, why not? Whatever the answers, the main hang-up for me is that the parties did not brief the role that section -102 had in the case, the circuit court never made any decisions based on it, and the jury was not tasked to return a verdict on whether section -102 had been violated. I therefore prefer to express no view on the statute's potential application or scope.